IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02288-BNB

[RAUL LEÓN],

    Applicant,

v.

[ERIC HOLDER, Attorney General],
[TODD ROBINSON, Assistant U.S. Attorney],
[KATIE HARDING, F.B.I. Agent, and]
[ALLEN VALKLOSKY, F.B.I. Agent],

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Raul León, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. Mr. León initiated the instant action by filing *pro se* a Prisoner Complaint (ECF No. 1) for declaratory and injunctive relief pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

    The Court reviewed the documents and determined they were deficient. Therefore, on August 25, 2014, Magistrate Judge Boyd N. Boland entered an order (ECF No. 4) directing Mr. León to cure certain enumerated deficiencies and file an amended Prisoner Complaint in the case within thirty days if he wished to pursue his claims. The August 25 order pointed out that Mr. León failed to submit either the $400.00 filing fee or a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on the proper, Court-approved form with an authorization and

certificate of prison official, together with a certified copy of his trust fund account statement for the six-month period immediately preceding this filing obtained from the appropriate prison official. The August 25 order directed Mr. León to obtain, with the assistance of his case manager or the facility's legal assistant, the Court-approved forms for filing a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and a Prisoner Complaint, and to use those forms in curing the designated deficiencies and filing an amended Prisoner Complaint.

The August 25 order discussed in detail how the amended Prisoner Complaint must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The August 25 order noted that Mr. León complained about the restrictions imposed against him pursuant to special administrative procedures (SAMs), and included a verbose discussion of the nature of the case, but failed to make factual allegations against Defendants in the body of the asserted claims, making the Prisoner Complaint vague and conclusory. The August 25 order warned Mr. León that if he failed to cure the designated deficiencies and file an amended Prisoner Complaint that complied with Fed. R. Civ. P. 8 within thirty days as directed, the action would be dismissed without further notice.

On September 11, 2014, Mr. León filed an amended Prisoner Complaint (ECF No. 7) for declaratory and injunctive relief. On September 25, 2014, he paid the $400.00 filing fee. The Court must construe the amended Prisoner Complaint liberally because Mr. León is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

Vague and conclusory allegations of violations of federal constitutional rights does not entitle a *pro se* pleader to a day in court, regardless of how liberally the court construes such pleadings. See *Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992). "[I]n analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. A court may disregard conclusory allegations, which are not entitled to a presumption of truthfulness. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009); *Meek v. Jordan*, 534 F. App'x 762, 764 (10th Cir. 2013). Pursuant to 28 U.S.C. § 1915A(a), the Court must review a complaint when a prisoner is seeking redress from officers or employees of a governmental entity. For the reasons stated below, the amended Prisoner Complaint and this action will be dismissed.

      The amended Prisoner Complaint, which is not on the Court-approved form, is missing a caption listing all parties as required by Fed. R. Civ. P. 10(a). The amended Prisoner Complaint also is not signed as required by Fed. R. Civ. P. 11(a). Although Mr. León complains about the restrictions imposed against him pursuant to SAMs, and includes a verbose discussion of the nature of the case, he fails to assert any claims. He confines his purported factual allegations to one page (ECF No. 7 at 12) that simply includes the names of the individuals he lists at the top of the amended Prisoner Complaint (ECF No. 7 at 2), generally asserts interference with mail under the First Amendment, and makes vague reference to the Fourth Amendment and due process violations. Like the original Prisoner Complaint, the amended Prisoner Complaint is vague and conclusory and fails to comply with the pleading requirements of Fed. R. Civ. P.

In addition, the amended Prisoner Complaint is not on the Court-approved form for filing a Prisoner Complaint that Mr. León was directed to use in the August 25 order and which he clearly knows to use because the original Prisoner Complaint is on the Court-approved form. Local Rules 1.2 and 5.1(c) of the Local Rules of Practice - Civil of this Court require litigants to use the Court-approved forms found on the Court's website. Rule 83(a)(2) of the Federal Rules of Civil Procedure allows a district court to enforce a local rule imposing a form requirement unless it "causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). Mr. León makes no mention of being denied access to the Court-approved Prisoner Complaint form, nor did he ask the Court to mail him the form because he was unable to obtain it. Generally, "dismissal is an appropriate disposition against a part who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005).

In addition, the United States Court of Appeals for the Tenth Circuit repeatedly has upheld the requirement that *pro se* litigants comply with local court rules requiring use of proper Court-approved forms, and rejected constitutional challenges to such rules. *See Georgacarakos v. Watts*, 368 F. App'x 917, 918-19 (10th Cir. 2010) (district court did not abuse its discretion in dismissing civil rights action without prejudice for federal prisoner's noncompliance with local rules requiring use of proper court-approved form to file complaint and district court's order to comply), *Durham v. Lappin*, 346 F. App'x 330, 332-33 (10th Cir. 2009) (it was within district court's discretion to dismiss prisoner's complaint for failure to comply with local rules requiring *pro se* litigants to use court-approved forms, and local rule did not violate prisoner's equal protection rights);

4

*Kosterow v. United States Marshal's Serv.*, 345 F. App'x 321, 322-33 (10th Cir. 2009) (it was within district court's discretion to dismiss complaint for failure to use proper court form); *Young v. United States*, 316 F. App'x 764, 769-71 (10th Cir. 2009) (district court order dismissing federal prisoner's *pro se* civil rights complaint without prejudice to his ability to refile, based on his repeated refusal to comply with district court order directing him to file amended complaint on court-approved prisoner complaint form as required by local district court rule, was not abuse of discretion or constitutional violation); *Maunz v. Denver Dist. Court*, 160 F. App'x 719, 720-21 (10th Cir. 2005) (district court did not abuse its discretion in dismissing inmate's federal action where inmate failed to file habeas corpus application on proper form designated by district court); *Daily v. Municipality of Adams County*, 117 F. App'x 669, 671-72 (10th Cir. 2004) (inmate's failure to comply with local rule requiring *pro se* prisoners to use court's forms to file action was not nonwillful, and inmate's failure to use required form supported dismissal of action). Therefore, the amended Prisoner Complaint will be denied.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. León files a notice of appeal he also must pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the amended Prisoner Complaint (ECF No. 7) and the action are dismissed without prejudice pursuant to Rules 8 and 41(b) of the Federal Rules of Civil

Procedure for the failure of Plaintiff, Raul León, to file within the time allowed an amended Prisoner Complaint on the Court-approved form that complied with the pleading requirements of Rule 8 as directed in the order of August 25, 2014.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED October 2, 2014, at Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK
Senior Judge, United States District Court