IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02288-LTB

[RAUL LEÓN],

    Plaintiff,

v.

[ERIC HOLDER, Attorney General],
[TODD ROBINSON, Assistant U.S. Attorney],
[KATIE HARDING, F.B.I. Agent, and]
[ALLEN VALKLOSKY, F.B.I. Agent],

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, Raul León, is a prisoner in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Administrative Maximum, in Florence, Colorado. He filed *pro se* on October 16, 2014, a letter (ECF No. 11) and on October 30, 2014, a letter and attached second amended Prisoner Complaint (ECF No. 12), asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 9) and the Judgment (ECF No. 10) entered in this action on October 2, 2014.

    The Court must construe the filings liberally because Mr. León is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the letters will be treated as a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and denied.

    A litigant subject to an adverse judgment who seeks reconsideration by the

district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider the motions pursuant to Rule 59(e) because they were filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court dismissed Mr. León's amended Prisoner Complaint (ECF No. 7) and the instant action without prejudice because Mr. León failed to file an amended Prisoner Complaint as directed in the order of August 25, 2014 (ECF No. 4). Magistrate Judge Boland warned Mr. León that failure to comply with the August 25 order may result in the dismissal of the instant action. *See* ECF No. 4 at 6. The October 2 dismissal order notes that the amended Prisoner Complaint is not on the Court-approved form as directed in the August 25 order, is missing a caption listing all parties as required by

Rule 10(a) of the Federal Rules of Civil Procedure, and fails to comply with Fed. R. Civ. P. 8 as directed in the August 25 order.  After review of the Fed. R. Civ. P. 59(e) motion and the entire file, the Court finds that Mr. Lee fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action.  Therefore, the motion, as amended, will be denied.

Accordingly, it is

ORDERED that the letters that Plaintiff, Raul León filed on October 16 and 30, 2014 (ECF Nos. 11 and 12), asking the Court to reconsider and vacate the Order of Dismissal (ECF No. 9) and the Judgment (ECF No. 10), and which the Court has treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), is denied.

DATED at Denver, Colorado, this  4th  day of   November  , 2014.

BY THE COURT:


  s/Lewis T. Babcock  
LEWIS T. BABCOCK, Senior Judge
United States District Court